# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

In re:   HEALTH MANAGEMENT SYSTEMS, INC.

                                             *         Case No.05-12871

            Debtors,               *         Chapter 7

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ADAM M. FREIMAN, ESQUIRE AND SIRODY, FREIMAN & FELDMAN, P.C. AS SPECIAL COUNSEL TO THE TRUSTEE**

      Steven Greenfeld, Esquire, Chapter 7 Trustee (the "Trustee") in the above-captioned case submits this application (the "Application") pursuant to sections 327 and 328 of the United States Bankruptcy Code, 11 U.S.C. sec. 101 et seq. (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Procedure (the "Bankruptcy Rules") and applicable Local Rules for the District of Maryland (the "Local Bankruptcy Rules") for entry of an Order authorizing the retention and employment of Adam M. Freiman, Esquire and Sirody, Freiman & Feldman, P.C. ("SirodyFreiman") as special counsel to the Trustee effective as of June 5, 2006.  In support of this Application, the Trustee has relied upon the Affidavit of Adam M. Freiman, Esquire (the "Freiman Affidavit") attached hereto as **Exhibit A** and incorporated herein by reference.

## INTRODUCTION

      1.  This Application seeks to retain and employ SirodyFreiman for the primary purpose of advancing a legal malpractice claim held by the Debtor against their former counsel and for the benefit of the Estate and the Trustee.

## JURISDICTION AND VENUE

      2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).  Venue of this proceeding is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.

      3.  The statutory and legal predicates for the relief sought in this Application are sections 327 and 328 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and applicable Local Bankruptcy Rules.

## BACKGROUND

4. This case was initiated under Chapter 11 of the Code by the filing of a Voluntary Petition on February 9, 2005. Prior to the actual filing of the Petition, Debtor was led to believe by his prior counsel that his bankruptcy case had been filed in December, 2004.

5. Debtor's prior counsel created a fictitious case number which was used to convince Debtor that an actual case had been filed. Counsel then created forged Orders purportedly from this Court to attempt to obtain "post-petition" factoring on behalf of Debtor's corporation.

6. That in February, 2005, partners of the firm where Debtor's prior counsel was employed learned of the above via an investigation by the United States Department of Justice and the Federal Bureau of Investigation.

7. That the firm failed to disclose to Debtor the criminal activities of its associate and made every effort to obscure from Debtor the effect that the associate's conduct had upon Debtor's business. The firm continued to provide advice, counsel and representation to the Debtor despite the open and obvious conflict of interest that had developed. The firm filed the instant case on behalf of Debtor after discovering the actions of its employee.

8. That the firm compounded its negligent acts by advising Debtor to convert his Chapter 11 case to one under Chapter 7 of the Code a mere month after the filing of the original Petition.

9. That through the negligence of Debtor's prior counsel, Debtor was forced to abandon all business operations, including government contracts valued in the millions of dollars, and liquidate. Through the negligence of Debtor's prior counsel, the Estate was deprived of substantial revenue which could have been administered for the benefit of creditors.

## RELIEF REQUESTED

10. The Trustee desires to employ SirodyFreiman to investigate and determine the liability on the part of Debtor's prior counsel for the collapse and ultimate liquidation of Debtor's business entity and to proceed to hold responsible those determined to be at fault. Specifically, the Trustee request entry of an Order authorizing and approving the Trustee retention and employment of SirodyFreiman effective as of the Closing Date to provide legal and other services in the prosecution of the legal malpractice claim described above.

## SERVICES TO BE RENDERED

11. SirodyFreiman will provide representation to the Trustee in the preparation and filing of a legal malpractice claim against Debtor's prior counsel.

Services to be rendered will include preparing pleading and applications and conducting examinations incidental to any related proceeding or to the administration of the legal malpractice case.

### QUALIFICATION OF PROFESSIONALS

12. The Trustee has elected to retain Adam M. Freiman and SirodyFreiman as his counsel because the firm's professionals and staff have diverse experience and extensive knowledge in the fields of bankruptcy and restructuring, negligence, legal malpractice and litigation. Adam M. Freiman and SirodyFreiman has been engaged in investigating this case thus far and has developed a relationship with Debtor and Debtor's principal. As such, retaining SirodyFreiman is the most efficient and cost effective manner in which the Trustee may obtain the requisite services.

### DISINTERESTEDNESS OF PROFESSIONALS

13. To the best of the Trustee's knowledge and based upon the Freiman Affidavit, SirodyFreiman is a "disinterested" person as that term is defined in section 101(14) of the Bankruptcy Code.

14. To the best of Trustee's knowledge and based upon the Freiman Affidavit, SirodyFreiman does not hold or represent an interest adverse to the estate.

15. To the best of the Trustee's knowledge and based upon the Freiman Affidavit, SirodyFreiman's connections with the Debtor, creditors, parties-in-interest, and their respective attorneys and accountants, and with those persons employed by the Office of the United States Trustee are disclosed in the Freiman Affidavit.

16. Based upon the Freiman Affidavit, SirodyFreiman has not provided, and will not provide, professional services to any of the creditors, other parties-in-interest, or their attorneys with regard to any matter related to the case.

17. SirodyFreiman has represented the Debtor during the investigation of the legal malpractice claim, and in the recovery of certain assets that have been made available to the Trustee. In the course of that representation, SirodyFreiman initially opposed the reopening of this case and challenged the Trustee's right to reopen. After consultation with Debtor, SirodyFreiman withdrew any opposition to the Trustee's Motion to Reopen and has cooperated fully with the Trustee since that withdrawal.

### COMPENSATION

18. Trustee agrees to engage SirodyFreiman under a contingent fee arrangement which provides for compensation to SirodyFreiman only upon recovery on behalf of the Trustee. Trustee agrees to pay SirodyFreiman 33% of the amount recovered

on behalf of the Estate if the matter is settled without suit being filed.  If suit is filed in this matter, Trustee agrees to pay SirodyFreiman 40% of the amount recovered.

      19.    SirodyFreiman also will seek reimbursement of necessary expenses incurred at the request, or on behalf of, the Trustee.  These expenses will include, but not be limited to, travel, photocopying, delivery services, postage, vendor charges and other out-of-pocket expenses incurred in providing professional service.  Reimbursement will only be sought upon recover.

      20.    SirodyFreiman intends to seek and accept compensation in accordance with any fee procedures orders of record in this case and apply to the Court for the allowance and payment of compensation for professional services rendered, and reimbursement of expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable orders of this Court.  SirodyFreiman has agreed to accept as compensation and expense reimbursement only such sums as may be allowed by the Court, and understands that fee requests are subject to Court approval.

      21.    Additionally, SirodyFreiman has expended substantial time and resources to the investigation, location and eventual recovery by the Trustee of accounts receivable held in the name of Debtor.  As a result of SirodyFreiman's efforts, and through the hard work and cooperation of the Trustee, the Estate was able to obtain an asset in the amount of $132,763.30.

      22.    SirodyFreiman intends to file a separate Application for Compensation as relates to the time expended in pursuing the asset as described above and to seek Court approval for any fee award and any award of expenses.

## **NOTICE**

      23.    Notice of this Application has been give to: (i) the Office of the United States Trustee, (ii) the Debtor, and (iii) any party requesting service pursuant to Bankruptcy Rule 2002.

      WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) authorizing and approving the retention and employment of Adam M. Freiman, Esquire and SirodyFreiman effective as of the Closing Date, (ii)   Authorizing SirodyFreiman to file final applications for compensation and reimbursement of expenses; and (iii) granting such other and further relief as may be just and proper.

      Dated: June 19, 2006

                                          */s/ Steven H. Greenfeld*
                                          Steven H. Greenfeld
                                          Federal Bar No.:

Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Ave., Ste. 760
Bethesda, MD 20814

Chapter 7 Trustee