IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | |
| Health Management Resources, Inc. ) | Case No. 05-12871-WIL |
| ) | |
| ) | (Chapter 7) |
| ) | |
| Debtor ) | |
| ) | |

**APPLICATION FOR AUTHORITY TO EMPLOY
INVOTEX GROUP AS FINANCIAL ADVISOR TO
SPECIAL COUNSEL TO THE TRUSTEE
NUNC PRO TUNC TO MAY 7, 2007**

Steven Greenfeld, Esquire, Chapter 7 Trustee (the "Trustee") in the above captioned case hereby submits this application (the "Application") to employ Invotex Group ("Invotex") as financial advisors to Adam M. Freiman, Esquire, and Sirody, Freiman & Feldman, P.C. ("SF&F") as Special Counsel to the Trustee Nunc Pro Tunc to May 7, 2007. This application seeks to retain Invotex to assist Special Counsel by providing financial advisory services to Special Counsel in advancing a legal malpractice claim held by the Debtor against their former counsel and for the benefit of the Estate and the Trustee.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C Section 157(b) (2). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409.

2. The statutory and legal predicates for the relief sought in this Application are sections 327 and 328 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and applicable Local Bankruptcy Rules.

## **BACKGROUND**

3. This case was initiated under Chapter 11 of the Bankruptcy Code by the filing of a Voluntary Petition on February 9, 2005. Prior to the actual filing of the Petition, the Debtor was led to believe by his prior counsel that his bankruptcy case had been filed in December, 2004.

4. Debtor's prior counsel created a fictitious case number which was used to convince Debtor that an actual case had been filed. Counsel then created forged Orders purportedly from this Court to attempt to obtain "post-petition" factoring on behalf of the Debtor's corporation.

5. In February, 2005, partners of the firm where Debtor's prior counsel was employed learned of the above via an investigation by the U.S. Department of Justice and the Federal Bureau of Investigation.

6. The firm failed to disclose to Debtor the criminal activities of its associate and made every effort to obscure from Debtor the effect that the associate's conduct had upon Debtor's business. The firm continued to provide advice, counsel and representation to Debtor despite the open and obvious conflict of interest that had developed. The firm filed the instant case on behalf of Debtor after discovering the action of its employee.

7. The firm compounded its negligent acts by advising Debtor to convert his Chapter 11 case to one under Chapter 7 of the Bankruptcy Code a mere month after the filing of the original Petition.

8. Through the negligence of Debtor's prior counsel, Debtor was forced to abandon all business operations, including government contracts valued in the millions of dollars, and

liquidate. Through the negligence of Debtor's prior counsel, the Estate was deprived of substantial revenue which could have been administered for the benefit of creditors.

## EMPLOYMENT OF INVOTEX

9. The Trustee respectfully submits that it will be necessary to employ Invotex as financial advisors to Special Counsel to, inter alia:

   a. advise Special Counsel with respect to accounting, valuation, and financial issues related to the Debtor and proposed actions of the Debtor and other parties as it relates to the legal malpractice claim;
   b. assist with Special Counsel's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and of the operation of the Debtors' businesses;
   c. assist Special Counsel in preparing pleadings and applications as may be necessary;
   d. prepare an expert report and provide expert witness testimony, if requested; and
   e. perform such other accounting, valuation, and financial consulting services as may be required and are deemed to be in the interests of Special Counsel.

10. The Trustee believes that Invotex possesses extensive knowledge and expertise in accounting, valuation, insolvencies, and financial advisory services and is qualified to perform the required financial investigations and analyses to advise Special Counsel.

11. Upon information and belief, and as set forth in the attached affidavit of Neil H. Demchick (the "Demchick Affidavit"), Invotex does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Invotex is to be engaged. Therefore, Invotex qualifies as a "disinterested" person as that term is defined in section 101(14) of the Bankruptcy Code.

12. Invotex will seek compensation based upon its normal hourly billing rates in effect for the period in which services are preformed and will seek reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under Bankruptcy Code Section 330 and the Local Bankruptcy Rules.  Subject to Court approval, and in accordance with Sections 330 and 331 of the Bankruptcy Code, Invotex will seek payment for compensation on an hourly basis and reimbursement of actual and necessary expenses incurred by Invotex in connection with its accounting, valuation, insolvency, and financial advisory services to Special Counsel.  Invotex's customary hourly rates charged to clients in bankruptcy and non-bankruptcy matters are currently as follows:

| | |
|---|---|
| Managing Directors | $325-450 |
| Directors | $250-300 |
| Managers | $225-250 |
| Senior Consultants | $145-225 |
| Consultants | $140-145 |
| Analysts | $90-100 |

13. Invotex customarily reevaluates and increases its billing rates on an annual basis to reflect changing economic conditions.  If Invotex increases its rates during the pendancy of this Case, it will seek compensation at the modified rates.  Invotex customarily charges its clients for the costs of actual and necessary expenses incurred in the representation.  Such expenses include, but are not limited to, long distance telephone charges, postage and overnight delivery charges, telecopy charges, messenger and courier charges, computerized research charges, and mileage and travel expenses.

14. Invotex and SF&F have executed an engagement letter, attached hereto, further detailing the terms of Invotex's retention.  Invotex has previously been paid a retainer in the amount of $5,000 by SF&F

**WHEREFORE,** the Trustee respectfully requests that an order be entered authorizing it to retain Invotex as financial advisors to Special Counsel and for such other and further relief as the Court may deem just and proper.

Dated: May 25, 2007

                                                     /s/
                              Steven H. Greenfeld, Trustee
                              Cohen, Baldinger & Greenfeld, LLC
                              7910 Woodmont Avenue, Suite 760
                              Bethesda, MD 20814

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 24th day of May, 2007, a true and correct copy of the foregoing Application, along with a copy of the proposed Order, was mailed, first-class mail, postage prepaid, or served electronically via the CM/ECF system to:

        Health Management Resources, Inc.
        9602 MLK Highway
        Suite D
        Lanham, MD 20702
        (Debtor)

        Adam M. Freiman
        Sirody, Freiman & Feldman, P.C.
        1777 Reisterstown Road
        Suite 360E
        Baltimore, MD 21208
        (Special Counsel to Trustee)

        Office of the U.S. Trustee
        Suite 600
        6305 Ivy Lane
        Greenbelt, MD 20770

6

                                                      /s/_____
                                 **Steven H. Greenfeld**

Case 05-12871    Doc 84    Filed 05/30/07    Page 9 of 9

1