IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN H. GREENFELD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. L-06-3241 |
| | * | |
| WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A., et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

*************

# MEMORANDUM

This is a professional malpractice lawsuit. Plaintiff Steven Greenfeld, trustee for the bankruptcy estate of Health Management Resources, Inc. ("HMR"), contends that Defendant Weinstock, Friedman & Friedman, P.A. ("Weinstock") and Defendant Pre-Paid Legal Services, Inc. ("PPLS") engaged in fraudulent and negligent misconduct in connection with HMR's Chapter 11 bankruptcy filing.

HMR's bankruptcy case is currently proceeding before Judge Wendelin I. Lipp in this district. See In re United Health Management Resources, Inc., No. 05-12871, (Bankr. D. Md. Feb. 9, 2005). Local Rule 402 states that "all . . . proceedings . . . arising in or related to cases under Title 11 shall be deemed to be referred to the Bankruptcy Judges of this District." Because the instant lawsuit is related to HMR's pending bankruptcy proceeding, this case must be referred to Judge Lipp.

Before referring the case, however, the Court will resolve the currently pending motions. For the reasons that follow, the Court will, by separate order: (i) GRANT

Plaintiff's Motion to Amend the Complaint; (ii) DENY Plaintiff's Motion to Abstain and Remand; and (iii) DENY Defendant PPLS's Motion to Dismiss.

## I. PLAINTIFF'S MOTION TO AMEND

On December 21, 2006, Plaintiff filed a Motion to Amend the Complaint to add Weinstock's former associate, Bruce Richardson, as a defendant.[1] Plaintiff also seeks leave to add a claim for breach of contract against Weinstock and PPLS.

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Accordingly, the Court will grant Plaintiff's Motion to Amend.

## II. PLAINTIFF'S MOTION TO ABSTAIN AND REMAND

On October 11, 2006, Plaintiff filed his Complaint in the Circuit Court for Prince George's County. On December 1, 2006, Weinstock timely removed the case to this Court, asserting that this Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334(b).[2] Plaintiff now contends that this action should be heard in state court because its common law claims against Weinstock and PPLS arose prior to the actual filing of its bankruptcy petition, when Weinstock forged orders from the bankruptcy court in connection with a fictitious filing and failed to disclose a conflict of interest.

Plaintiff's arguments are unavailing. Under 28 U.S.C. § 1334(b), a federal court has jurisdiction over a case "arising under title 11, or arising in or related to cases under title 11." Defendants' alleged misconduct involves legal services provided in connection

---

[1] Plaintiff's Motion to Amend stated that counsel for Defendant Weinstock consented to this proposed amendment.

[2] Weinstock filed its Notice of Removal within thirty days of service of all named defendants. See Doc. No. 1; Doc. No. 10.

2

with a bankruptcy proceeding currently pending before the Bankruptcy Court in the District of Maryland.  Plaintiff's Complaint alleges that this misconduct continued throughout the representation and included Weinstock's negligence in advising HMR to convert its Chapter 11 filing into a proceeding under Chapter 7 of the Bankruptcy Code.  These claims "arise under" HMR's bankruptcy filing, and jurisdiction in this Court is proper.  See Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003) (noting the "broad interpretation of 'arising in' jurisdiction confers jurisdiction "over a malpractice claim against a lawyer for providing negligent advice to a debtor in a bankruptcy case"); see also In re Simmons, 205 B.R. 834, 841 (Bankr. W.D. Tex. 1997) (stating that "claims of malpractice which originated out of pre- and post-petition advi[c]e of counsel concerning the bankruptcy itself are matters that fall within 'arising in' jurisdiction").  Accordingly, Plaintiff's Motion to Abstain and Remand is denied.

### III.    PPLS's MOTION TO DISMISS

PPLS makes two arguments in support of its Motion to Dismiss Plaintiff's professional malpractice and negligence claims against it.  First, PPLS contends that it cannot be held liable for "legal malpractice" claims because the Complaint does not allege that PPLS provided legal services to HMR.  Second, PPLS asserts that its contract with HMR includes an arbitration clause requiring the parties to submit to binding arbitration in the event of a dispute.

These arguments fail.  Plaintiff's Complaint asserts professional malpractice and negligence claims against PPLS.  Neither of these causes of action requires that PPLS provide legal services to HMR.  See, e.g., Shofer v. Stuart Hack Co., 723 A.2d 481, 487 (Md. App. 1999) (noting that "[p]rofessional malpractice is one genre of negligence"

3

claims, and can be asserted against professionals including "physician[s], lawyer[s], architect[s], accountant[s], or pension administrator[s].").

In addition, although PPLS argues that the arbitration clause in its contract with HMR precludes HMR from pursuing its claims here, PPLS has provided no guidance on whether or how this clause affects jurisdiction once this lawsuit is referred to the Bankruptcy Court pursuant to Local Rule 402.  Accordingly, PPLS's Motion to Dismiss based on the binding arbitration clause is dismissed without prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court will, by separate order, (i) GRANT Plaintiff's Motion to Amend the Complaint; (ii) DENY Plaintiff's Motion to Abstain and Remand; (iii) DENY Defendant PPLS's Motion to Dismiss; (iv) REFER this lawsuit to Judge Lipp of the Bankruptcy Court of the District of Maryland; and (v) DIRECT the Clerk to close the case.

Dated this 18th day of September, 2007.

                                                                /s/
                                        Benson Everett Legg
                                        Chief Judge