# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **Health Management Resources, Inc.** | * | **Case No: 05-12871 - WIL** |
| | * | |
| | * | |
| **Debtor** | * | **Chapter 7** |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**THIRD INTERIM AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED BY INVOTEX GROUP AS FINANCIAL ADVISORS TO SPECIAL COUNSEL TO THE TRUSTEE FOR PERIOD OF APRIL 16, 2009 THROUGH MAY 31, 2010**

| | |
|---|---|
| Name of Applicant: | Invotex Group, Inc. or "Applicant" |
| Authorized to Provide Professional Services to: | Special Counsel to the Trustee |
| Date of Retention: | May 7, 2007 |
| Period for which compensation and reimbursement is sought: | April 16, 2009, through May 31, 2010 (the "Application Period") |
| **Amount of Compensation sought as actual, reasonable and necessary:** | **$18,611.50** |
| Amount of Fee Period Compensation Previously Paid Pursuant to the Court's Administrative Order (the "Administrative Order") | $0.00 |
| Amount of Fee Period Compensation Previously Paid By Defendant in Litigation | $1,700.00 |
| Amount of Retainer Balance held to offset Fees approved | $5,272.06 |
| **Amount of Expenses Reimbursement sought as actual, reasonable and necessary:** | **$1,184.00** |
| Amount of Fee Period Expense Reimbursement Previously Paid Pursuant to the Order. | $0.00 |

This is an ___ monthly _X_ interim _X_ final application

Is the time spent preparing the monthly fee applications included in the total hours described in the Fee Application? _X_ Yes ___ No (Fee Statements only)

| | |
|---|---|
| Name of the Firm/Party in Interest: | Invotex Group, Inc. |
| Interim Fee(s) Previously Allowed: | $45,398.35 |
| Interim Fee(s) Previously Sought: | $45,398.35 |
| Interim Expenses Previously Allowed: | $176.41 |
| Interim Expenses Previously Sought: | $176.41 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re: | * |
| | * |
| **Health Management Resources, Inc.** | * |
| | *   **Case No: 05-12871- WIL** |
| | * |
| Debtor | *   **Chapter 7** |
| | * |
| | * |
| | * |
| | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**THIRD INTERIM AND FINAL FEE APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED BY
INVOTEX GROUP AS FINANCIAL ADVISORS TO SPECIAL COUNSEL TO THE
TRUSTEE FOR PERIOD OF APRIL 16, 2009 THROUGH
MAY 31, 2010**

Invotex Group, Inc. ("Invotex") files this Third Interim and Final Fee Application for

Allowance of Compensation and Reimbursement of Expenses Incurred by Invotex as Financial

Advisors to Special Counsel to the Trustee for the period of April 16, 2009 through May 31,

2010 (the "Application"), pursuant to §§ 330 and 331 of the Bankruptcy Code (the "Code") and

Fed.R.Bank.P. 2016 seeking interim compensation in the amount of **$18,611.50 (net of a**

**discretionary adjustment of $1,566.00 or 8%)** for professional fees and **$1,184.00** for

expenses. In support of the Application, your Applicant respectfully represents as follows:

### INTRODUCTION

1.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11

U.S.C.§§ 328, 330 and 331, Bankruptcy Rule 2016 and Local District Court Rule 401. This is a

core proceeding.

2.      On May 30, 2007, the Trustee filed an Application for Authority to Employ

Invotex as Financial Advisors to Special Counsel to the Trustee Nunc Pro Tunc to May 7, 2007. On June 19, 2007, this Court signed an Order authorizing the Committee to employ Invotex as Financial Advisor to Special Counsel.

3.      On May 5, 2009, Invotex filed its second interim application for allowance of compensation and reimbursement of expenses as financial advisor to Special Counsel in this matter in the total amount of $45,574.76. On June 30, 2009, the Court approved Invotex's second interim application in full.

4.      Invotex is familiar with and is submitting this Application in conformity with the Compensation Guidelines for the U. S. Trustees and Other Professionals in the United States Bankruptcy Court for the District of Maryland.

The Compensation Requested

5.      This Application seeks compensation as set forth below in the amount of **$18,811.50 (net of a discretionary adjustment of $1,566.00, or 8%)** for services rendered and **$1,184.00** for expenses incurred during the period of April 16, 2009 through May 31, 2010 (the "Application Period").

6.      Attached as Exhibit A, is a schedule listing all time entries and related fees. Set forth below is a summary of the fees by category.

|   | CATEGORY | HOURS | AVG. RATE | NET FEES |
|---|----------|-------|-----------|----------|
| A | Prepare for and meet / call with Legal Counsel or HMR Management | 0.20 | $425.00 | $85.00 |

| | | | | |
|---|---|---|---|---|
| B | Perform Procedures Regarding Opposing Expert Report | 9.10 | 327.75 | 2,982.50 |
| C | Perform Administrative Procedures | 4.10 | 174.63 | 716.00 |
| D | Perform Procedures Related to Deposition Testimony | 33.00 | 357.95 | 11,812.50 |
| E | Perform Procedures Regarding Others Depositions | 7.70 | 425.00 | 3,272.50 |
| F | Prepare Fee Application | 5.10 | 90.00 | 459.00 |
| G | Non-working Travel | 2.00 | 425.00 | 850.00 |
| H | Less Discretionary Adjustments: | | | |
| | 100% of Perform Administrative Procedures | (4.10) | 174.63 | (716.00) |
| | 100% of Non-working Travel | (2.00) | 425.00 | (850.00) |
| | | | | |
| | **TOTAL FEES** | **55.10** | **$337.78** | **$18,611.50** |

7.     Set forth below is a summary of the names, position held, time, hourly rate and total fees
sought for the Applicant and each individual who provided accounting and financial consulting
assistance during the Application Period, listed in order of billable rate.

| NAME | POSITION | HOURS | HOURLY RATE | NET FEES |
|---|---|---|---|---|
| Neil H. Demchick (NHD) | Managing Director | 32.60 | $425.00 | $13,855.00 |
| Kerby R. Baden (KRB) | Director | 19.10 | 275.00 | 5,252.50 |
| Cheryl D. Nardone (CDN) | Senior Consultant | 2.50 | 200.00 | 500.00 |
| | | | | |
| Myioshi L. Gubbings (MLG) | Analyst | 5.50 | 90.00 | 495.00 |
| Beth A. Marzano (BAM) | Admin. | 1.50 | 50.00 | 75.00 |
| | | | | |
| Discretionary Adjustment | | (6.10) | 256.72 | (1,566.00) |
| **TOTAL FEES** | | **55.10** | **$337.78** | **$18,611.50** |

**Breakdown of Services Provided**

8.      The Applicant provided a variety of analyses and procedures as a part of the examination during the Application Period, which services have been categorized separately as set forth below:

   A.   **Prepare for and meet / call with Legal Counsel.**  The Applicant's procedures included preparation for and participation in meetings and telephone calls with legal counsel. The telephone call with legal counsel was to assist in the preparation of a possible deposition of Rudy Coleman, owner of HMR.  The net fees incurred for this category during the Application Period totaled **$85.00.** These fees represent **0.20** hours of work at an average hourly rate of **$425.00.**

   B.   **Perform Procedures Regarding Opposing Expert's Report.**   The Applicant's procedures included reading and analyzing the opposing expert's report and examination of documentation referenced in such report.  The net fees incurred for this category during the Application Period totaled **$2,982.50.**  These fees represent **9.10** hours of work at an average hourly rate of **$327.75.**

   C.   **Perform Administrative Procedures.**   The Applicant's procedures included administration procedures, overall document management, and preparing copies of documents requested by Special Counsel. All of the fees incurred for this category during the Application Period totaling **$716.00** have been written off.

   D.   **Perform Procedures Related to Deposition Testimony.**  The Applicant's procedures included rereading of support binders related to litigation, analysis of the Company's financial records, contracts, and other related documents in preparation for the deposition of Neil Demchick.  Additionally, the Applicant reviewed the opposing expert's report and

4

provided deposition testimony. (Compensation related to deposition testimony was paid by Defendant and has been credited against total fees.) The net fees incurred for this category during the Application Period total **$11,812.50**. These fees represent **33.00** hours work at an average hourly rate of **$357.95**.

E. **Perform Procedures Regarding Other Depositions.** The Applicant's procedures included preparing potential deposition questions for Special Counsel related to the depositions of the opposing expert and Rudy Coleman, prior company president, and attending and assisting at the deposition of the opposing expert. The net fees incurred for this category during the Application Period total **$3,272.50**. These fees represent **7.70** hours work at an average hourly rate of **$425.00**.

F. **Prepare Fee Application.** The Applicant's procedures included preparing the Third Interim and final fee applications. The net fees incurred for this category during the Application Period totaled **$459.00**. These fees represent approximately **5.10** hours of work at an average hourly rate of **$90.00**.

G. **Non-Working Travel.** The Applicant's procedures included travel to and from Washington D.C. for the deposition of Neil Demchick. All of the fees incurred for this category during the Application Period totaling **$850.00** have been written off.

**Legal Standard for Awarding Compensation**

9.     Under § 330(a)(1) of the Code, the Court may award reasonable compensation for actual, necessary services rendered by the Applicant based on the nature, extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. The Court may also award reimbursement for actual, necessary expenses.

10.    In accordance with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland, courts look to the "lodestar" formula in assessing attorneys' and accountants' fees.  Under this approach, courts consider the number of hours of service reasonably devoted to the case multiplied by the accountants' reasonable rates.  This sum may be adjusted to reflect the characteristics of the particular case and the reputation of the professional.  See e.g., Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, 361 (D.D.C. 1983), aff'd. In part, rev'd. In part, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021, 105 S. Ct. 3488 (1985).

11.    Many courts have frequently considered the specific lodestar factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and applied to bankruptcy cases In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977).  These tests were adopted by the Fourth Circuit in Barber v. Kimbrells, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978).  In Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the Johnson factors (a) and (d) as set forth below, and then adjust the fee on the basis of the remaining Johnson factors.

12.    In In re Bernard Hill, 133 B.R. 61 (Bankr. D. Md. 1991), the court supplemented the general lodestar principles by establishing ten (10) "cardinal rules" with which fee applications should comply:

(a) Fee applications must make sense;

(b) Fee applications must indicate what work was performed, when it was performed and how much money is being charged for performing it;

(c) Services rendered should be reported in several broad, general categories;

(d) Fee applications must contain a "lodestar" analysis;

(e) Numbers must add up;

(f) The names of the individuals who rendered services, together with their hourly rates and years of experience, must be disclosed;

(g) Time records must be submitted with the fee application;

(h) Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and,

(i) When more than one professional or a firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort. See In re Bernard Hill, 133 B.R. at 62-63.

13.    Invotex submits that an evaluation of the lodestar formula and the Johnson factors in the present case supports its request for fees for the following reasons:

(a) **The time and labor required**. The amount of time required by the Applicant is reflected by the Application and the Exhibits attached to the Application. The Applicant performed the procedures requested and required efficiently in order to provide accounting, valuation, insolvency, and financial advisory services required as it relates to the claims held by the Debtor. The Applicant assigned specific tasks to appropriate levels to minimize fees.

(b) **Novelty and difficulty of the questions involved and the skill applied**. The procedures included within the Application required a high level of skill and knowledge with aspects of valuation, financial analysis, and government contracts.

(c) **The preclusion of other employment by the firm due to acceptance of this case**. Retention in this matter and the procedures included within the Application required the Applicant to devote a certain amount of time to this matter, but generally did not limit the Applicant's involvement in other engagements.

(d) **The customary fee for similar work**. Applicant submits that the fees sought herein are warranted, and are generally less than or equal to competitive fees in the Maryland / Washington DC financial consulting market for firms with comparable practices, given the nature of these proceedings.

(e) **Whether the fee is fixed or contingent**.   Pursuant to the Code, all fees sought by professionals retained in bankruptcy proceedings are subject to the approval of this Court. The Applicant did not undertake this engagement on a contingency basis and expects to be compensated on an hourly basis.

(f) **Time limitations imposed by the client or circumstances**.   The procedures that were required, needed to be performed timely as specific needs arose.   However, in general, time limitations were not significant for the procedures covered by the Application.

(g) **The amounts involved and the results obtained**. The amounts in the Application are for the ongoing accounting, valuation, insolvency and financial advisory services of Invotex as it relates to a certain litigation matter.   This litigation matter has been settled at an amount considered favorable to the Estate.

(h) **Experience, reputation and ability of the accountant and financial consultant**. Applicant has previously performed similar procedures in other bankruptcy and non bankruptcy matters, either as financial advisor, as an expert retained in a litigation matter, or as a part of general consulting.   Applicant maintains a staff of professionals with CPA, CIRA, and valuation credentials with over 20 years of bankruptcy, state receivership, insolvency, litigation, and government contracting experience.   Applicant has developed an excellent reputation in the Washington DC, Maryland, and Virginia legal and accounting communities.

(i) **The "undesirability" of the case**.   This item has not been a factor in this engagement.

(j) **The nature and length of the firm's professional relationship with the client**.   Prior to this engagement, the Applicant had no known relationship with the Debtor or the defendants the Debtor has a claim against.   The Applicant previously had a professional relationship with the Trustee in a prior case.

(k) **Awards made in similar cases**.   Applicant submits that its request for compensation is well within the usual and customary awards granted in similar cases.

14.    In addition to the Johnson factors discussed above, Applicant submits that this Application satisfies the cardinal rules required by Bernard Hill:

(a) The Application makes sense as it is structured to convey the information contained herein in an understandable and consistent manner.

(b) The Application contains dates and categories of work, which reflect what work was performed and when it was performed.  Further, the attached exhibits contain more detail on each specific item billed, the date the work was performed and exactly how much money is being charged for performing it.

(c) The Application contains several broad and general categories of work performed, and substantiation for the work.

(d) The Application contains a lodestar analysis.

(e) The breakdown of services and disbursements adds up.

(f) The names of the individuals who rendered services, together with their hourly rates, have been disclosed herein.  The experience of Applicant has been set out herein and also in the Application for Authority to Employ filed by the Trustee.

(g) A complete printout of detailed time records has been submitted with the Application as Exhibit A.

(h) The Application does not contain any bill for any other firm of professionals other than Applicant.  Each professional of Applicant has his or her services set forth independently in the exhibits attached hereto.

15.    Applicant has been cognizant of avoiding unnecessary duplication of services and has employed the use of lower-rate associates as and when appropriate.  Under these circumstances, and given the oversight of the work and billing processes, the reasonableness of Applicant's hourly rates and staffing, and the procedures performed, the Applicant has decided to write off 6.10 hours from its actual time incurred to date and $1,566.00 from this bill directly in its billing judgment and submits that the balance of the fees and expenses applied for herein is reasonable.

16.     Applicant believes it has reasonably satisfied the requirements for fee applications in this District.    Further, the fees and the expenses rendered by Applicant for which it seeks compensation and reimbursement are reasonable in light of this Court's decision In re Bernard Hill, Inc., 133 B.R. 61 (Bankr. D. Md. 1991), and In re Leonard Jed, 103 B.R. 706 (Bankr. D. Md. 1989), modified, 118 B.R. 339 (Bankr. D. Md. 1990).   See also In re LBH Associates Limited Partnership, Case No. 87-5-2207-JS, reported at 24th Cir. & D.C. Bankr.Rep.


17.     WHEREFORE, Invotex respectfully requests that this Court enter an Order:

A   Approving the Application for fees of $18,611.50 (net of discretionary adjustments of $1,566.00, or 8%) for services rendered and $1,184.00 for expenses incurred, or a total of $19,795.50.

B.   Allowing and directing payment by the Trustee of fees and expenses totaling $19,795.50, less $1,700 of fees previously paid by the Defendant and $5,272.06 held as a retainer (including interest earned), or a net amount of $12,823.44.

C.   Providing final approval for all fees paid and expenses reimbursed in this matter:

D.   Such other and further relief which is just and equitable.


Date: June 28, 2010                    /s/ Neil H. Demchick
                                        Neil H. Demchick
                                        Managing Director
                                        Invotex Group, Inc.
                                        1637 Thames Street
                                        Baltimore, Maryland 21231
                                        (410) 539-8580

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **this** _29th_ **day of June, 2010,** a copy of the foregoing Application was mailed first class, postage prepaid to:

Adam M. Freiman,
Special Counsel to Trustee
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road
Suite 360 E
Baltimore, MD 21208


Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Avenue
Suite 760
Bethesda, MD 20814
Trustee


Office of the U.S. Trustee
Attn: Lynn A. Kohen
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770


Leonard Tober
Law Offices of A.P. Pishevar & Associate
600 E. Jefferson Street
Suite 316
Rockville, MD 20852


_____/s/ Neil H Demchick_____
Neil H. Demchick
Managing Director
Invotex Group
1637 Thames Street
Baltimore, MD 21231
(410) 539-8580

11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **Health Management Resources, Inc.** | * | **Case No: 05-12871 - WIL** |
| | * | |
| | * | |
| **Debtor** | * | **Chapter 7** |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF THIRD INTERIM AND FINAL FEE APPLICATION FOR ALLOWANCE**
**OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED BY**
**INVOTEX GROUP AS FINANCIAL ADVISORS**
**TO SPECIAL COUNSEL TO THE TRUSTEE**
**FOR PERIOD OF APRIL 16, 2009 THROUGH MAY 31, 2010**

Notice is hereby given that a Third Interim and Final Fee Application for Allowance of Compensation and Reimbursement of Expenses Incurred by Invotex Group as Financial Advisors to Special Counsel to the Trustee for the period of April 16, 2009 through May 31, 2010, has been filed in the above proceeding.

The Applicant has filed an Application which seeks approval for fees earned of **$18,611.50 (net of discretionary adjustments of $1,566.00, or 8%) for professional services provided and $1,184.00 for expense incurred during the period of April 16, 2009 through May 31, 2010, or a total of $19,795.50.** The Applicant will offset this amount by $1,700.00 previously paid by Defendant and $5,272.06 held as a retainer (including interest earned), for a net amount payable of $12,823.44,

A copy of the Application is on file with the Bankruptcy Court. Any creditor wishing to object to the requested compensation and reimbursement of expenses must file such an objection in writing with the Clerk of the United States Bankruptcy Court, 101 West Lombard Street, Baltimore, MD 21201, within Twenty (20) days from the date of this Notice. A copy of any objection should be served on the undersigned, and upon the Assistant United States Trustee, 300 West Pratt Street, Suite 350, Baltimore, Maryland 21201. If an objection is filed, the Court may act on any such objection with or without a hearing, at its discretion. If no objections are filed, the Court may approve the Application without further notice.

Date: June 2?, 2010

          /s/ Neil H. Demchick
          Neil H. Demchick
          Managing Director
          Invotex Group
          1637 Thames Street
          Baltimore, Maryland 21231
          (410)824-0154

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *29th* day of June, 2010, a copy of the foregoing Application was mailed first class, postage prepaid to:

Neil H. Demchick
Managing Director
Invotex Group
1637 Thames Street
Baltimore, MD 21231

Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Avenue
Suite 760
Bethesda, MD 20814
Trustee

Office of U.S. Trustee
Attn: Lyn A. Kohen
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

Leonard Tober
Law offices of A.P. Pishevar & Associate
600 E. Jefferson Street
Suite 316
Rockville, MD 20852

    /s/ Adam M. Freiman
Adam M. Freiman
Special Counsel to Trustee
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road
Suite 360 E
Baltimore, Maryland 21208
(410) 356-3500

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| Health Management Resources, Inc. | * | Case No: 05-12871-WIL |
| | * | |
| Debtor | * | Chapter 7 |
| | * | |
| | * | |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER GRANTING THIRD INTERIM AND FINAL FEE APPLICATION OF
INVOTEX GROUP AS FINANCIAL ADVISORS TO SPECIAL COUNSEL TO
THE TRUSTEE FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD OF APRIL 16, 2009 THROUGH MAY 31, 2010**

Upon consideration of the Third Interim and Final Fee Application of Invotex

Group as Financial Advisors to Special Counsel for Allowance of Compensation for

Services Rendered and Reimbursement of Expenses Incurred for the Period of April 16,

2009 through May 31, 2010 (the "Application"), adequate and proper notice having been

given, any objections having been addressed or resolved, and it appearing that the

compensation requested is reasonable and a benefit to the estate, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the request contained within the Application be, and the same is hereby, approved and **allowed in the amount of $18,611.50 (net of a discretionary adjustment of $1,566 or 8%) as compensation** for services rendered and **$1,184.00** as reimbursement of expenses incurred during the period of April 16, 2009 through May 31, 2010, for a total of $19,795.50 and it is further;

**ORDERED**, that the Trustee be, and hereby is, upon entry of this Order, authorized to release and deliver to Invotex the sum of **$12,823.44** as compensation for Invotex's services and expenses (after offset for $1,700.00 previously paid and $5,272.06 held as a retainer.), and it is further;

**ORDERED**, that all fees paid and expenses reimbursed to Invotex in this matter that were previously approved on an interim basis are hereby provided final approval.

Adam M. Freiman
Sirody, Freiman & Feldman, P.C.
1777 Reisterstown Road
Suite 360 E
Baltimore, MD 21208
Special Counsel to Trustee


Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Avenue
Suite 760
Bethesda, MD 20814
Trustee


Office of U.S. Trustee
Attn: Lyn A. Kohen
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770


Leonard Tober
Law offices of A.P. Pishevar & Associate
600 E. Jefferson Street
Suite 316
Rockville, MD 20852


Neil H. Demchick
Invotex Group
1637 Thames Street
Baltimore, MD 21231


**END OF ORDER**

Exhibit A

In Re: Health Management Resources, Inc.
Detail Listing of Time Charges for Health Management Resources, Inc.
For the Period of April 16, 2009 through May 31, 2010

| | Date | Professional | Description | Hours | Hourly Rate | Fees |
|---|---|---|---|---|---|---|
| **A** | **Prepare for and meet / call with Legal Counsel** | | | | | |
| | 04/19/10 | N. Demchick | Prepare for and call with A. Freiman regarding R. Coleman deposition | 0.20 | $ 425.00 | $ 85.00 |
| | Total: Prepare for and meet / call with Legal Counsel | | | 0.20 | 425.00 | 85.00 |
| | | | | | | |
| **B** | **Perform Procedures Regarding Opposing Expert Report** | | | | | |
| | 03/28/10 | N. Demchick | Read defendant's expert report and begin to prepare for deposition | 3.20 | 425.00 | 1,360.00 |
| | 03/29/10 | K. Baden | Review opposing expert report; meet with N Demchick re: same; obtain and review certain documents referenced in opposing expert report | 5.90 | 275.00 | 1,622.50 |
| | Total: Perform Procedures Regarding Opposing Expert Report | | | 9.10 | 327.75 | 2,982.50 |
| | | | | | | |
| **C** | **Perform Administrative Procedures** | | | | | |
| | 05/28/09 | B. Marzano | Make copy of binders for legal counsel | 1.50 | 50.00 | 75.00 |
| | 05/28/09 | K. Baden | Review all documents copies to be sent to counsel | 2.20 | 275.00 | 605.00 |
| | 06/05/09 | M. Gubbings | Document inventory | 0.40 | 90.00 | 36.00 |
| | Total: Perform Administrative Procedures | | | 4.10 | 174.63 | 716.00 |
| | | | | | | |
| **D** | **Perform Procedures Related to Deposition Testimony** | | | | | |
| | 03/25/10 | N. Demchick | Read binders to prepare for deposition | 1.40 | 425.00 | 595.00 |
| | 03/29/10 | N. Demchick | Read binders and prepare for deposition | 2.70 | 425.00 | 1,147.50 |
| | 03/30/10 | N. Demchick | Read binders and prepare for deposition | 2.40 | 425.00 | 1,020.00 |
| | 03/31/10 | N. Demchick | Read documents and prepare for deposition | 1.40 | 425.00 | 595.00 |
| | 04/01/10 | N. Demchick | Prepare for deposition and meet with K. Baden | 0.70 | 425.00 | 297.50 |
| | 04/03/10 | K. Baden | Review contracts for direct cost factors and transferability; research federal and state contract provisions regarding transferability of contracts | 3.50 | 275.00 | 962.50 |
| | 04/05/10 | C. Nardone | Review financial records re: general ledger; payments ACS; email to KRB | 2.50 | 200.00 | 500.00 |
| | 04/05/10 | K. Baden | Research NAICS code and direct cost analysis on contracts and proposals | 2.50 | 275.00 | 687.50 |
| | 04/06/10 | K. Baden | Research and review of certain documents to assist N. Demchick in deposition preparation | 3.80 | 275.00 | 1,045.00 |
| | 04/06/10 | N. Demchick | Prepare for deposition and prepare for and call with A. Freiman. | 2.20 | 425.00 | 935.00 |
| | 04/07/10 | K. Baden | Research and review certain documents to assist N. Demchick in deposition preparation | 1.20 | 275.00 | 330.00 |
| | 04/13/10 | N. Demchick | Read documents and prepare for deposition | 4.70 | 425.00 | 1,997.50 |
| | 04/14/10 | N. Demchick | Provide deposition testimony | 4.00 | 425.00 | 1,700.00 |
| | Total: Perform Procedures Related to Deposition Testimony | | | 33.00 | 357.95 | 11,812.50 |
| | | | | | | |
| **E** | **Perform Procedures Regarding Others Depositions** | | | | | |
| | 04/07/10 | N. Demchick | Prepare potential questions for Defendant's expert deposition | 1.70 | 425.00 | 722.50 |
| | 04/08/10 | N. Demchick | Prepare potential deposition questions for defendant's expert | 1.80 | 425.00 | 765.00 |
| | 04/14/10 | N. Demchick | Assist legal counsel prepare for and attend deposition of defendant's expert | 3.70 | 425.00 | 1,572.50 |
| | 04/25/10 | N. Demchick | Prepare potential deposition questions for R. Coleman | 0.50 | 425.00 | 212.50 |
| | Total: Perform Procedures Regarding Others Depositions | | | 7.70 | 425.00 | 3,272.50 |
| | | | | | | |
| **F** | **Prepare Fee Application** | | | | | |
| | 05/26/10 | M. Gubbings | Prepare final fee application | 5.10 | 90.00 | 459.00 |
| | Total: Prepare Fee Application | | | 5.10 | 90.00 | 459.00 |

Exhibit A

In Re: Health Management Resources, Inc.
Detail Listing of Time Charges for Health Management Resources, Inc.
For the Period of April 16, 2009 through May 31, 2010

| | Date | Professional | Description | Hours | Hourly Rate | Fees |
|---|---|---|---|---|---|---|
| **G** | **Non-working Travel** | | | | | |
| | 04/14/10 | N. Demchick | Travel to / from DC | 2.00 | 425.00 | 850.00 |
| | **Total: Non-working Travel** | | | 2.00 | 425.00 | 850.00 |
| | | | | | | |
| | **Grand Total** | | | 61.20 | $ 329.70 | $ 20,177.50 |
| | | | | | | |
| **H** | **Less Discretionary Adjustments;** | | | | | |
| | Perform Administrative Procedures (100%) | | | (4.10) | 174.63 | (716.00) |
| | Non-working Travel (100%) | | | (2.00) | 425.00 | (850.00) |
| | **Total: Discretionary Adjustments** | | | (6.10) | 256.72 | (1,566.00) |
| | | | | | | |
| | **Net Fees** | | | 55.10 | $ 337.78 | 18,611.50 |
| | | | | | | |
| **I** | **Less Deposition Testimony Paid by Defendant** | | | | | |
| | 04/14/10 | N. Demchick | Provide deposition testimony | (4.00) | 425.00 | (1,700.00) |
| | **Total: Less Deposition Testimony Paid by Defendant** | | | (4.00) | 425.00 | (1,700.00) |
| | | | | | | |
| | **Less Retainer Balance** | | | | | (5,272.06) |
| | | | | | | |
| | **Net Fees Due** | | | n/a | n/a | $ 11,639.44 |

Exhibit A

In Re: Health Management Resources, Inc.
Detail Listing of Time Charges for Health Management Resources, Inc.
For the Period of April 16, 2009 thru May 31, 2010

| Date | Professional | Description | Hours | Hourly Rate | Fees |
|---|---|---|---|---|---|
| 05/28/09 | B. Marzano | Make copy of binders for legal counsel | 1.50 | $ 50.00 | $ 75.00 |
| | | | 1.50 | 50.00 | 75.00 |
| 04/05/10 | C. Nardone | Review financial records re: general ledger; payments ACS; email to KRB | 2.50 | 200.00 | 500.00 |
| | | | 2.50 | 200.00 | 500.00 |
| 05/28/09 | K. Baden | Review all documents copies to be sent to counsel | 2.20 | 275.00 | 605.00 |
| 03/29/10 | K. Baden | Review opposing expert report; meet with N Demchick re: same; obtain and review certain documents referenced in opposing expert report | 5.90 | 275.00 | 1,622.50 |
| 04/03/10 | K. Baden | Review contracts for direct cost factors and transferability; research federal and state contract provisions regarding transferability of contracts | 3.50 | 275.00 | 962.50 |
| 04/05/10 | K. Baden | Research NAICS code and direct cost analysis on contracts and proposals | 2.50 | 275.00 | 687.50 |
| 04/06/10 | K. Baden | Research and review of certain documents to assist N. Demchick in deposition preparation | 3.80 | 275.00 | 1,045.00 |
| 04/07/10 | K. Baden | Research and review of certain documents to assist N. Demchick in deposition preparation | 1.20 | 275.00 | 330.00 |
| | | | 19.10 | 275.00 | 5,252.50 |
| 06/05/09 | M Gubbings | Document inventory | 0.40 | 90.00 | 36.00 |
| 05/26/10 | M. Gubbings | Prepare final fee application | 5.10 | 90.00 | 459.00 |
| | | | 5.50 | 90.00 | 495.00 |
| 03/25/10 | N Demchick | Read binders to prepare for deposition | 1.40 | 425.00 | 595.00 |
| 03/28/10 | N Demchick | Read defendant's expert report and begin to prepare for deposition | 3.20 | 425.00 | 1,360.00 |
| 03/29/10 | N Demchick | Read binders and prepare for deposition | 2.70 | 425.00 | 1,147.50 |
| 03/30/10 | N Demchick | Read binders and prepare for deposition | 2.40 | 425.00 | 1,020.00 |
| 03/31/10 | N. Demchick | Read documents and prepare for deposition | 1.40 | 425.00 | 595.00 |
| 04/01/10 | N. Demchick | Prepare for deposition and meet with K. Baden | 0.70 | 425.00 | 297.50 |
| 04/06/10 | N. Demchick | Prepare for deposition and prepare for and call with A. Freiman. | 2.20 | 425.00 | 935.00 |
| 04/07/10 | N. Demchick | Prepare potential questions for Defendant's expert deposition | 1.70 | 425.00 | 722.50 |
| 04/08/10 | N. Demchick | Prepare potential deposition questions for defendant's expert | 1.80 | 425.00 | 765.00 |
| 04/13/10 | N. Demchick | Read documents and prepare for deposition | 4.70 | 425.00 | 1,997.50 |
| 04/14/10 | N. Demchick | Assist legal counsel prepare for and attend deposition of defendant's expert | 3.70 | 425.00 | 1,572.50 |
| 04/14/10 | N. Demchick | Provide deposition testimony | 4.00 | 425.00 | 1,700.00 |
| 04/14/10 | N. Demchick | Travel to / from DC | 2.00 | 425.00 | 850.00 |
| 04/19/10 | N. Demchick | Prepare for and call with A. Freiman regarding R. Coleman deposition | 0.20 | 425.00 | 85.00 |
| 04/25/10 | N. Demchick | Prepare potential deposition questions for R. Coleman | 0.50 | 425.00 | 212.50 |
| | | | 32.60 | 425.00 | 13,855.00 |
| | | Less discretionary adjustments | (6.10) | 256.72 | (1,566.00) |
| Net Fees | | | 55.10 | $ 337.78 | 18,611.50 |

**In Re: Health Management Resources, Inc.**
**Detail Listng of Expense Charges for Health Management Resources, Inc.**
**For the Period of April 16, 2009 through May 31, 2010**

| Date | Description | Expenses |
|---|---|---|
| 05/31/09 | Copy Charges | $   307.60 |
| 06/02/09 | Federal Express | 14.44 |
| 11/04/09 | Courthouse Copy Charges | 763.56 |
| 11/17/09 | Federal Express | 44.40 |
| 04/14/10 | Parking at Baltimore Penn Station | 14.00 |
| 04/14/10 | Amtrak from Baltimore, MD to Washington, DC | 15.00 |
| 04/14/10 | Amtrak from Washington, DC to Baltimore, MD | 25.00 |
| | | $1,184.00 |